## IRREGULAR DISMISSAL OF A PUBLIC SCHOOL TEACHER.

### Circuit Court of Licking County.

THE BOWLING GREEN TOWNSHIP SCHOOL DISTRICT OF LICKING COUNTY v. PRESTON E. BREESE.

Decided, February Term, 1912.

*Schools—Contracts of Employment with Teachers—Unauthorized Termination of—Judgment Sustained in Favor of a Teacher Dis-, charged Without a Hearing.*

1. The authority conferred upon a board of education to dismiss any teacher for inefficiency, neglect of duty, immoral or improper conduct can be lawfully exercised only after the charges have been reduced to writing and the accused teacher has been given reasonable opportunity to appear before the board and make defense thereto.
2. A teacher, employed for a school year or for any specified term, if wrongfully discharged before expiration of the term of employment, may recover salary in full for the remainder of such term, upon a showing of failure to obtain other employment after reasonable effort so to do.

*Fitzgibbon & Montgomery,* for plaintiff in error.
*Smythe & Smythe* and *J. M. Swartz,* contra.

BY THE COURT (VOORHEES, SHIELDS and POWELL, JJ.).

A petition in error is filed in this case for the purpose of reversing the judgment of the court of common pleas, in an action brought by the plaintiff below, defendant in error, against the defendant below, plaintiff in error, to recover damages for said defendant's alleged wrongful discharge as a school teacher.

In his amended petition in the court below, the plaintiff says that on June 3, 1907, the defendant, the board of education of said school district, contracted with the plaintiff, by electing him as a teacher, to teach one of its schools in the district of Bowling Green township, in the town of Brownsville, Licking county, Ohio, known as the grammar school, for the coming year; which school year covered the term of eight months, and

which school term was to commence at a time to be fixed by said board of education. It is further alleged that the plaintiff had and held, at the time of his employment by said board as such teacher, a good and valid certificate issued by the board of school examiners of Licking county, Ohio, authorizing him to teach the school, which he, the said plaintiff, was so employed to teach by the defendant; that the plaintiff accepted said employment as teacher in pursuance of said contract with the defendant board, and on the 16th day of September, 1907, he entered into his employment as teacher of said grammar school of said district, and continued to teach and instruct the students of said school in accordance with his said contract of employment, made and entered into by him with the defendant, up to the 15th day of January, 1908. He further says that at a called meeting of said board of education, held on the 15th day of January, 1908, said board attempted to discharge and dismiss the plaintiff as said teacher, and, from that time, until the end of the time for which he was so employed as aforesaid, did refuse and prevent him from discharging his duties as such teacher under said contract, and refused to pay him any part of the compensation to which he was entitled under and by virtue of said contract; that by the terms of said contract, he says he was to receive the sum of $40 per month, to be paid at the end of each month, and he says that from the time of said pretended discharge to the end of said eight months was seventy-seven days, amounting in all to the sum of $154. He says that said action taken by said board was taken without giving to the plaintiff a hearing and opportunity to defend himself against the charges made against him. He says that there was no cause for the action of said board, and that the same was unlawful; and, by reason thereof, defendant was guilty of a breach of said contract, to his damages in the said sum of $154, with interest thereon from the 2d day of June, 1908. He further says that his business and profession is that of a school teacher; that after the said alleged discharge he went from place to place in an effort to secure employment as a school teacher, and used every effort that he could to get employment during the remainder of said time for which he was employed as aforesaid

He further says that he used due diligence to get other employ-ment during said time, and that during said time he was unable, notwithstanding his efforts, to earn any money whatever, and he did not earn any money. He therefore prays judgment for said sum of $154, with interest from the 2d day of June, 1908.

To this amended petition the defendant filed an answer, ad-mitting the employment of said Preston E. Breese as a teacher for a school year for one of the schools of said district; that the plaintiff had a certificate authorizing him to teach school at said time; that said plaintiff entered upon his employment as a teacher on the 16th day of September, 1907, and continued to teach under said employment until January 15, 1908; that the plaintiff was paid therefor; that on January 15, 1908, the board of education of said school district discharged said plaintiff; and defendant denies all the other allegations contained in said peti-tion, not therein specifically admitted to be true.

The cause was submitted to a jury, resulting in a verdict for the plaintiff below. A motion for a new trial was filed and over-ruled, and judgment was rendered upon said verdict. A peti-tion in error is filed, together with a bill of exceptions, embrac-ing all the evidence, for the reversal of said judgment upon va-rious alleged grounds of error, but principally because the ver-dict of the jury is contrary to the weight of the evidence and is contrary to law.

An examination of the record shows that the defendant in error was employed to teach said school for the period of eight months. at an agreed price of $40 per month; that on or about January 15th, 1908, he was dismissed from said school as such teacher by the board of education of said district; that a contract of hiring existed between said board of education and the defendant in error, by the terms of which defendant in error was employed to teach for the time stated, on the terms stated, and that he was dismissed as such teacher by the board, at the time stated, is admitted, the matter in dispute being as to whether or not the board was justified in its said action.

Section 4017, Revised Statutes ,provides that "each board may dismiss any appointee or teacher for inefficiency, neglect of duty, immoral or improper conduct; but no teacher shall be dis-

missed by any board unless the charges are first reduced to writing and an opportunity be given for defense before the board, or a committee thereof, and a majority of the full membership of the board voting upon roll call in favor of such dismissal.''

It appears from the record that some disagreement arose between the superintendent of said school and the defendant in error in reference to certain exercises proposed to be given in said school on Thanksgiving of said year. This led to some feeling between the two, which manifested itself in certain complaints being made by the superintendent of said school to said board, that the defendant in error was not complying with the rules of said board in being present at the school building fifteen minutes before the opening of the school, and also that he had threatened violence upon the person of the superintendent of said school. This latter charge was made by a witness other than the superintendent, which said charge was denied by the defendant in error, who claimed that, while he was at all times present at the opening of said school and ready for duty, he was unavoidably detained from being present at the school building on one or two occasions.

It is evident from the record that a condition of things obtained which the board thought was not best for the interests of the school, for on the 13th day of January, 1908, the superintendent of said school resigned his position; on or about said date an assistant teacher also resigned, and that on the 14th day of January, 1908, said board through its secretary, notified the defendant in error, by letter, to appear before it on January 15th, 1908, to answer certain charges. This letter, it seems, was received by the defendant in error the following morning, the morning of the day named in said letter for him to appear before said board. He did so appear, and, after learning of the intention of the board to take action against him, he protested and insisted upon being granted time to make his defense, all of which was refused him, and the board, by its action, thereupon discharged him.

While we recognize that boards of education may prescribe rules for the government of schools, and are given power under

the law to dismiss teachers for causes therein enumerated, such power can not be exercised "unless the charges are first reduced to writing, and an opportunity be given for defense before the board." Were these conditions complied with in this instance? Was the defendant in error properly notified of any charges, and a reasonable time allowed him thereafter to prepare and make his defense to such charges? We think not. This alone, however, would not give the defendant in error a right to recover for the unexpired time of his contractual service, unless it further appears that he made an effort to procure employment during such term and failed to obtain employment. Did he do so? He testifies that he did, and his testimony in this respect is unopposed and uncontradicted. Under the charge of the court, the jury seems to have taken this view, having found for the plaintiff below, and we think, from an examination of the record, that the verdict of the jury is sustained by the weight of the evidence, and that the judgment of the court below is right. Said judgment is, therefore, affirmed, but without penalty, and the cause is remanded to said court for execution.